**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| DOLINE L. MCKNIGHT, ) | |
| ) | No. 9:10-cv-03248-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ICEBERG ENTERPRISES LLC a/k/a ) | |
| ICEBERG ENTERPRISES INC., ) | |
| MID-CONTINENT OFFICE ) | |
| DISTRIBUTORS, LP, MID-CONTINENT ) | |
| OFFICE DISTRIBUTORS, INC., MOD, ) | |
| INC., JOHN DOE CHAIR ) | |
| MANUFACTURER, JOHN DOE CHAIR ) | |
| DISTRIBUTOR, JOHN DOE CHAIR ) | |
| SELLER, and JOHN DOE CHAIR ) | |
| MAINTENANCE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on a motion to dismiss plaintiff's causes of action for negligence/recklessness and strict liability brought by defendants Mid-Continent Office Distributors, LP and Mid-Continent Office Distributors, Inc. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Plaintiff Doline L. McKnight filed a complaint in state court on November 18, 2010, and an amended complaint on November 22, 2010. The case was removed to federal court on December 21, 2010 based on diversity jurisdiction under 28 U.S.C. § 1332. On February 8, 2011, the court granted plaintiff's motion to amend to add Mid-Continent Distributors, Inc., Mid-Continent Distributors, LLC (collectively, Mid-

1

Continent), and Mod, Inc. as defendants. A second amended complaint was then filed on February 10, 2011.

In her second amended complaint, McKnight alleges that on January 8, 2008, while working as an employee of Wal-Mart and on her lunch break, she sat down in a chair in the break room and the chair leg gave out, causing serious injuries. Second Am. Compl. ¶¶ 19-20. She further alleges that Mid-Continent "designed, constructed, manufactured, assembled, tested, inspected, marketed, sold, distributed, placed, reconstructed, maintained, [and] refurbished the Defendants' chair." Id. ¶¶ 6, 8. McKnight brings three causes of action, for negligence/recklessness, strict liability, and breach of implied warranty of merchantability and/or fitness for a particular purpose. The instant motion to dismiss only pertains to the first two causes of action.

## II.   DISCUSSION

Mid-Continent seeks dismissal based on a statute of limitations defense. "[A] defense based on the statute of limitations must be raised by the defendant through an affirmative defense." Goodman v. Praxair, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) generally cannot reach the merits of an affirmative defense unless "all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint*.'" Id. (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)). Here, in her second amended complaint, McKnight alleges she was injured on January 8, 2008. In South Carolina, the applicable statute of limitations for personal injury claims is three years. See S.C. Code Ann. §§ 15-3-530, 15-3-535. The second amended complaint, filed on February 10, 2011 and naming Mid-Continent, was filed more than

three years after the alleged injury. Pursuant to Goodman, the second amended complaint provides sufficient facts for Mid-Continent to raise a statute of limitations defense in a motion to dismiss and for the court to find that the claims for negligence/recklessness and strict liability asserted against Mid-Continent are untimely.

McKnight argues that her claims against Mid-Continent are not time barred because they "relate back" to the date of the original complaint, which was filed within the limitations period. In her original complaint, McKnight named various "John Doe" defendants because she was unaware of the true identity of Mid-Continent. According to McKnight, this substitution of named parties relates back to the filing of the original complaint.

Federal Rule of Civil Procedure 15(c) governs relation back of amendments. The Rule provides in relevant part:

> **(c) Relation Back of Amendments**.
>
> > **(1)** *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
> >
> > > . . . .
> > >
> > > **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> > >
> > > **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > >
> > > > **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

By its terms, Rule 15(c)(1)(C) applies to a "change[]" in a "party or the naming of a party against whom a claim is asserted." Mid-Continent's primary contention is that Rule 15(c)(1)(C) does not apply because McKnight *added*, rather than changed or substituted, Mid-Continent as defendants.

The Fourth Circuit, sitting en banc, has found that the addition of parties to a complaint may be broadly construed as a change of parties. See Goodman, 494 F.3d at 468 (accepting plaintiff's interpretation of Rule 15(c) that an "'an *addition* to something is generally regarded as a *change* to that thing'"). The court wrote, "[W]e can discern no policy that would be served by the . . . defendants' restrictive reading of 'changes,' which would force the amending party to drop a defendant for each defendant he adds." Id. at 469; see also Krupski v. Costa Crociere S. p. A., 130 S. Ct. 2485, 2493 n.3 (2010) (referring to a plaintiff's filing of an amended complaint to bring in a new defendant as the "typical case" of Rule 15(c)(1)(C)'s applicability). This court construes the naming of Mid-Continent as defendants as a change in the naming of parties against whom a claim is asserted, and finds that a Rule 15(c)(1)(C) analysis is appropriate.[1]

---

[1] The Fourth Circuit in Goodman also specifically addressed substitutions for "Doe" defendants after a statute of limitations has run. The court noted that "[m]ost parties substituted for 'Doe' defendants would be protected against being added either because they were prejudiced or because they did not have proper notice." 494 F.3d at 471. The court further stated, "In the cases of concern, most notably the cases of 'Doe' substitutions, the notice and prejudice requirements of Rule 15(c) . . . adequately police this strategic joinder practice." Id. at 473. These statements indicate that in the case of "Doe" substitutions, courts *should* apply a Rule 15(c) analysis rather than hold that Rule 15(c) does not apply because parties were added rather than changed.

Mid-Continent relies on nonbinding precedent to support the claim that Rule 15(c) only applies to a substitution or change in a party rather than an addition. For example, Mid-Continent cites Gause v. Smithers, 681 S.E.2d 607 (S.C. Ct. App. 2009), in which the South Carolina Court of Appeals held that "the addition of a party is not contemplated by [South Carolina Rule of Civil

The court must now determine whether McKnight's claims against Mid-Continent relate back to the filing date of the original complaint. Under Rule 15(c)(1)(C), an amendment that changes the party against whom a claim is asserted relates back to the date of the original pleading if:

> (1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original complaint; (2) the party to be brought in by the amendment received notice of the action such that it will not be prejudiced in maintaining a defense to the claim; and (3) it should have known that it would have originally been named a defendant "but for a mistake concerning the identity of the proper party."

Goodman, 494 F.3d at 467. It is clear that the first requirement for relation back is satisfied, as McKnight's second amended complaint arises out of the same transaction that gave rise to her original complaint, i.e., the injuries McKnight allegedly sustained when her chair broke. Thus, the first issue in dispute is whether Mid-Continent received appropriate notice of the action and whether it will be unfairly prejudiced if McKnight's claims are allowed to proceed.

A new defendant must receive notice of the lawsuit between the filing of the original complaint and the end of the 120-day period prescribed by Rule 4(m) for service of a summons and complaint. Here, the original complaint was filed on November 18, 2010; Mid-Continent Office Distributors, LP received service of the second amended complaint on February 14, 2011 and Mid-Continent Office Distributors, Inc. received service on February 22, 2011. See Dkt. No. 33-1. Because service was made 88 and 96 days after service of the original complaint, Mid-Continent received proper notice within the Rule 4(m) 120-day period. See Robinson v. Clipse, 602 F.3d 605, 609 (4th Cir. 2010)

---

Procedure] 15(c)." Id. at 609. In this diversity case, the court is bound to apply *federal* procedural law, including Federal Rule of Civil Procedure 15(c) and its accompanying case law. See Desanctis v. Hastings, No. 95-2403, 1997 WL 9765, at *1-2 (4th Cir. Jan. 13, 1997).

(internal quotation marks omitted) ("[A]ctual service of the complaint clearly satisfies the notice requirement.").

This notice must also have been sufficient to not have prejudiced Mid-Continent from defending on the merits. Mid-Continent fails to make any argument as to prejudice. At any rate, when McKnight filed her second amended complaint, the proceedings in this case had not advanced to the point of prejudicing Mid-Continent with its preparation of a defense. Mid-Continent answered the second amended complaint on February 25, 2011, which was only about three months from the institution of this case.

The second and final issue is whether Mid-Continent knew or should have known, within the Rule 4(m) limitation period, that McKnight's action would have been brought against it "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). In Krupski v. Costa Crociere S. p. A., the Supreme Court clarified that the analysis under Rule 15(c)(1)(C)(ii) does not depend on the amending party's knowledge, but "what the party to be added knew or should have known." 130 S. Ct. at 2490. In other words, "the question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." Id. at 2496; see also Goodman, 494 F.3d at 471 ("The 'mistake' language is textually limited to describing the notice that the new party had, requiring that the new party have expected or should have expected, within the limitations period, that it was meant to be named a party in the first place.").

When an added defendant knew that he was the party the plaintiff intended to sue, the Fourth Circuit has held that the mistake requirement was satisfied. Robinson, 602 F.3d at 610. The court reasoned that because the defendant was served and answered the

6

amended complaint within the Rule 4(m) period, the defendant was given fair notice of the claim. Id. Similarly here, Mid-Continent knew during the Rule 4(m) period that it would be named as a defendant because it was served with, and answered, the second amended complaint. See id. at 608 ("The 'limitation period' for purposes of analyzing whether the newly added defendant received notice and should have had knowledge of the action is the Federal Rule of Civil Procedure 4(m) service period . . . .").

      The court is aware that in Goodman v. Praxair, the Fourth Circuit stated that "naming Doe defendants self-evidently is no 'mistake' such that the Doe substitute has received proper notice." 494 F.3d at 471. In this case, McKnight did not simply name a Doe defendant, but also served Mid-Continent within the Rule 4(m) period. In addition, there is evidence that Mid-Continent had notice that a claim could be brought by McKnight prior to the expiration of the statute of limitations. McKnight's original complaint named Iceberg Enterprises LLC a/k/a Iceberg Enterprises Inc. as a defendant. Internal documentation submitted to the court shows that a Mid-Continent representative received notice in 2008 that McKnight was injured when she sat on an Iceberg chair. Further evidence shows that in 2006 and 2007, a substantial number of claims had already arisen throughout the country regarding injuries caused by Iceberg chairs in Wal-Mart stores, and Wal-Mart threatened litigation against Iceberg and Mid-Continent. When McKnight filed her original complaint in 2010, she named "John Doe Chair Manufacturer" as a defendant and stated that "Defendant's actual name is presently unknown and therefore the Plaintiff will amend her Complaint when the name of this Defendant is discovered." Original Compl. ¶ 5.

Based on this evidence, Mid-Continent should have known that, as the chair manufacturer, it would be included in McKnight's complaint. When an added party "has been given fair notice of a claim within the limitations period and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation back." Goodman, 494 F.3d at 471. The court finds the mistake element satisfied.

Because the relation back requirements of Rule 15(c)(1)(C) are satisfied, the court finds that McKnight's claims for negligence/recklessness and strict liability against Mid-Continent relate back to the date of the original complaint. As such, Mid-Continent's motion to dismiss based on the expiration of the statute of limitations fails.

### III.  CONCLUSION

Based on the foregoing, the court **DENIES** the motion to dismiss brought by Mid-Continent Office Distributors, Inc. and Mid-Continent Office Distributors, LLC.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 26, 2012**
**Charleston, South Carolina**